UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WESLEY MARTIN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:15 CV 011 |
| SUPERINTENDENT | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Wesley Martin, a *pro se* prisoner, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attempting to challenge a prison disciplinary proceeding. (DE # 5.) In MCF-14-07-0022, a hearing officer at the Miami Correctional Facility ("Miami"), found Martin guilty of a Class B207 offense, Possession/Use of an Electronic Device. (DE # 8-7) The hearing officer imposed sanctions including a loss of 90 days of earned credit time and a demotion in credit class. (*Id.*) The charge was initiated when IA Investigator C. Klepinger prepared a conduct report stating as follows:

> On 3/8/14 I began an investigation into possible cell phone possession and trafficking. During the investigation information was gathered indicating the above offender and his cellmate may have been in possession of a cell phone.
>
> During the investigation a search warrant was issued for the phone number believed to belong to the cell phone. Once the search warrant records were returned, there were multiple phone numbers found in the call logs of the cell phone that match numbers listed on the above offenders phone list. There were also text messages found with the name "Wes" in them.

See IA Case #14-MCF-0025 for further. (CONFIDENTIAL)

(DE # 8-1.)

On July 3, 2014, Martin was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE # 8-2.) Davis requested to call Offender Adam Williams as a witnesses, and also sought a summary of the evidence. (*Id.*) Offender Williams stated:

> At no time was Wes ever on the phone, he didn't even know that there was a phone in the dorm. He would ask me to have my mom get ahold of his mom and unbeknownst to him I used a cellphone to do that. If you look at the time the calls were made it was always when the dorm was at chow. I would go to the guys room who had it and use it there. I like Wes and have known him for a long time. But I don't trust him enough to tell him that there was a phone in the dorm so there's no way he would of ever found out.

(DE # 8-3.)

> A summary of evidence was provided to Martin:
>
> On <u>07/16/14</u> at 1330 hours the following evidence was reviewed as requested/required by ADP guidelines. The following is a summary of observations during the viewing of this evidence:
>
> Evidence viewed: IA report of evidence
>
> Observations: Evidence viewed was phone records of cell phone and the phone list of offender Martin to show that offender Martin had calls made from that phone to others on his phone list.
>
> *Offender Martin requested evidence from IA to be reviewed due to safety and security reasons this offender cannot see the evidence; offender will receive a copy of this summary of evidence*

(DE # 8-6.)

A hearing officer conducted the disciplinary hearing on July 18, 2014. (DE # 8-7.) Martin gave a statement, "I never knew anything about a cell phone. I explained that to IA. I had my bunkie relay messages to my family. I didn't know he was using a cell phone. Thought he was using the facility." (*Id*.) Relying on staff reports, Martin's statement, Williams' statement, and the summary of the evidence, the hearing officer found Martin guilty of the Class B207 offense of use or possession of an electronic device. (*Id*.) Martin's appeals were denied and this petition followed. (DE ## 8-8; 8-9; 8-10.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Martin raises three claims in his petition. First, he argues that he did not use or possess a cell phone. Second, he argues that he was denied the right to see the search warrant and claims there never was any such warrant. Third, he argues that the hearing officer's written decision was inadequate.

3

With regard to his sufficiency of the evidence argument, the standard for the disciplinary board to find an offender guilty is "some evidence." The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The hearing officer was not unreasonable in finding that Martin used a cell phone. Although Martin denies that he used a cell phone and points to Offender Williams' statement,[1] it is not the province of this court to reweigh the evidence or make its own determination regarding the relative credibility of the witnesses. *McPherson*, 188 F.3d at 786. The conduct report provides some evidence that Martin used a cell phone. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). The conduct report sets out

---

[1] It is not surprising that the hearing officer did not credit Offender Williams' statement in this case. Contrary to Martin's belief, it is not exculpatory. While Williams claimed that Martin did not know of the cell phone and further contends that he called Martin's mother on the cell phone, this account does not explain why eight (8) other phone numbers found in the call logs of the cell phone matched numbers listed on Martin's phone list.

4

that a search warrant was issued for the phone number believed to belong to the cell phone Martin used. The results from the search warrant showed that nine (9) phone numbers found in the call logs of the cell phone matched numbers listed on Martin's phone list. In addition, there were text messages with the name "Wes" in them. This is some evidence that Martin used a cell phone, which supports the hearing officer's determination. Therefore, this is not a basis for granting habeas relief.

Next, Martin claims that the hearing officer's written decision was inadequate because it does not explain why he discredited certain evidence. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer's report indicated that he considered the conduct report, Martin's statement, Williams' statement, and the summary of evidence. (DE # 8-7.) The hearing officer's stated reason for his decision was based on the conduct report, statement and evidence. (*Id.*) His statement is not lengthy, but it identified the evidence relied on, which illuminated the basis for his decision. While not explicit, the hearing officer clearly chose to credit the conduct report and summary of the internal affairs file over the statements of Martin and Williams. The written statement the hearing officer provided satisfied the minimal requirements of due process, and therefore this claim is denied.

Lastly, Martin argues that he has never been shown the search warrant for the phone number and contends that one does not exist. This argument is not entirely clear.

5

Martin appears to be trying to challenge the fact that certain evidence was kept confidential in this case. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White*, 266 F.3d at 767. Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Reliability can be established based on the following: (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of the material. *Id.* If a disciplinary board fails to address the information's reliability, the district court may conduct its own review. *Henderson*, 13 F.3d at 1077); *Wells*, 854 F.2d at 999-1000.

Martin is concerned that the officers were lying to him about the existence of a search warrant. However, the court conducted an *in camera* review of the internal affairs file. Contrary to Martin's belief, a search warrant does exist. It was included in the confidential internal affairs file, which this court has independently reviewed. (DE # 10-1.) Thus, this claim is not a basis for habeas relief.

Not only is there sufficient evidence to find Martin guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Martin guilty of Possession/Use

of an Electronic Device, a Class B offense 207, and Martin has not made a showing that his due process rights have been violated.

For the foregoing reasons, the petition (DE # 1) is **DENIED**.

**SO ORDERED**.

Date: July 6, 2016

s/ James T. Moody
JAMES T. MOODY, JUDGE
UNITED STATES DISTRICT COURT